UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

DOSHIA MARIE BANKS,

    Debtor.

_____

DOSHIA MARIE BANKS,

    Appellant,

v.

WELLS FARGO BANK, N.A.,

    Appellee.

Case No. 21-11132
Honorable Laurie J. Michelson

Bankr. No. 21-40945

**OPINION AND ORDER
GRANTING WELLS FARGO'S MOTION TO DISMISS APPEAL [10]**

This bankruptcy appeal is part of a multi-case dispute between Doshia Marie Banks and Wells Fargo Bank, N.A. over which party holds title to a house on Huntington Road in Detroit. According to Banks, she purchased the home from the Williams Family Trust. (ECF No. 7, PageID.123.) But Wells Fargo argues that before the property was conveyed to the Trust, it both foreclosed on the property and purchased it at a sheriff's sale. (ECF No. 10, PageID.173.) Thus, says Wells Fargo, the Trust never held proper title to the property and so it could not have conveyed title to Banks. Based on this belief, Wells Fargo filed a complaint in Wayne County Circuit Court against Banks, the Trust, and others to quiet title in July 2018. (*Id.* at PageID.174.)

After Wells Fargo initiated proceedings against Banks, Banks filed for bankruptcy in February 2021. Chapter 13 Voluntary Pet., *In re Doshia Marie Banks*, Case No. 21-40945 (ECF No. 1). The filing of the petition operated as a stay pursuant to 11 U.S.C. § 362. Soon after, Wells Fargo moved for relief from the automatic stay, which the bankruptcy court granted. *See* Mot. from Relief from Stay, *Banks*, Case No. 21-40945 (ECF No. 42).

Banks appeals this order, arguing that the bankruptcy court erred by not determining whether Wells Fargo had standing to file the motion and by not making adequate factual findings that Wells Fargo holds the sole interest in the property at issue.

A few months after Banks filed this appeal, the bankruptcy court dismissed the underlying bankruptcy case. Order of the Ct. Granting Dismissal of Case for Failure to Pay Filing Fees, *Banks*, Case No. 21-40945 (ECF No. 114). Based on the dismissal, Wells Fargo now moves to dismiss the appeal, arguing that it is moot. (ECF No. 10.)

The Court agrees with Wells Fargo. Because the underlying bankruptcy case was dismissed, and Banks does not appeal the dismissal of the case, her appeal of the bankruptcy court's order to relieve Wells Fargo from the automatic stay is moot.

Under Article III of the Constitution, federal courts are limited to considering only "actual, ongoing controversies." *Memphis A. Philip Randolph Inst. v. Hargett*, 2 F.4th 548, 557 (6th Cir. 2021). "If the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome, then the case is moot and the court

has no jurisdiction." *Id.* at 558. In other words, if the "relief requested" would not have a "real impact on the legal interests of the parties," the case is moot. *Id.* These principles hold true in the context of bankruptcy appeals, where "a bankruptcy appeal, like any other appeal, becomes moot if the appellate court is unable to grant effective relief because of events during the appeal." *Conway v. Nusbaum*, 109 F. App'x 42, 43 (6th Cir. 2004).

Here, the underlying bankruptcy case was dismissed while this appeal was pending. (ECF No. 13, PageID.297); *see also* Order of the Ct. Granting Dismissal of Case for Failure to Pay Filing Fees, *Banks*, Case No. 21-40945 (ECF No. 114). Banks does not argue that the dismissal was error. And with that dismissal, the automatic stay imposed by the bankruptcy proceedings is no longer in effect. *See* 11 U.S.C. § 362(c)(2)(B); *In re Dougherty*, No. 11-33926-DOF, 2019 WL 2529362, at *4 (Bankr. E.D. Mich. June 17, 2019) ("The 'dismissal of a bankruptcy petition has the simultaneous effect of undoing the bankruptcy estate and lifting the automatic stay[.]'" (quoting *In re Steestra*, 307 B.R. 732, 738 (B.A.P. 1st Cir. 2004))); *see also In re Garnett*, 303 B.R. 274, 278 (Bankr. S.D.N.Y. 2003).

Without any stay for this Court to reimpose, there is nothing the Court could do that would have a "real impact" on the legal interests of the parties. Indeed, even if the Court were to agree with Banks on appeal, there is no active bankruptcy case in which this Court could impose a stay against Wells Fargo. *See In re Sinta*, No. 13-10151, 2013 WL 1946185, at *2 (E.D. Mich. May 9, 2013) ("Even if the bankruptcy

3

court did err in lifting the automatic stay, there is no longer an active bankruptcy case in which this court can impose a stay.").

Thus, Banks' appeal is DENIED AS MOOT.

SO ORDERED.

Dated: April 6, 2022

                                                s/Laurie J. Michelson
                                                LAURIE J. MICHELSON
                                                UNITED STATES DISTRICT JUDGE